LAUREL PRODUCE GROWERS ASSOCIATION, a corporation created
    by and existing under the laws of the State of Delaware, d.
b. a., *vs.* REESE O. GORDY, p. b. r.

EVIDENCE—ACCOUNT BOOK HELD SUFFICIENTLY IDENTIFIED FOR ADMISSION
    AS AN ADMISSION AGAINST INTEREST.

Account book *held* sufficiently identified as account book of defendant
showing transactions with plaintiff, and, therefore, admissible against defendant
as admission against interest, though neither proved by affidavit of plaintiff,
under *Rev. Code.* 1915, § 4226, nor by bookkeeper who made entries.

(*February* 11, 1924.)

HARRINGTON and RICHARDS, J. J., sitting.

*James M. Tunnell* for plaintiff.
*John M. Richardson* for defendant.

Superior Court for Sussex County, February Term, 1924.

Appeal from Justice of Peace, No. 57, February term, 1923.

W. B. Gordy, a witness, not defendant's bookkeeper, was
called by the plaintiff. He produced a book which he testified was
the defendant's book of original entry in its transactions with the
plaintiff. He further testified that the defendant was engaged in
the business of shipping produce on consignment and also in buy-
ing and selling the same; that he had been sales manager for said
defendant until the month of November, in the year 1922; that
as such sales manager it was his duty to superintend the loading
of cars of produce shipped by the defendant, whether on consign-
ment or otherwise; that the said defendant had shipped for the
plaintiff certain produce on consignment, in the year 1922 and
prior to November of that year; that when such cars were
loaded by the defendant it was the duty of one of the men who did
the loading to mark the amount of produce consigned by, or pur-
chased from each person, as well as the name of such person and
the number of the car in which such produce was loaded, on a
card or slip of paper; that such cards or slips were delivered to the
witness each night, and that it was his duty to deliver them the
same night to the bookkeeper of the defendant; that the book-

keeper than made up the defendant's book of original entry, which was produced by him, from these cards or slips; that the witness was familiar with the handwriting of the defendant's bookkeeper and that the book produced by him was in her handwriting. Such book was then offered in evidence by the plaintiff as the book of account of the defendant, showing its transactions with the plaintiff.

Richardson for the defendant objected to the admission of the book on the ground that it was neither proved by the affidavit of the plaintiff under the statutory rule (*Revised Code* 1915, § 4226), nor under the common-law rule by the bookkeeper who made the entries.

Tunnell for the plaintiff contended that the book of the opposite party to the suit was admissible on the ground that it was an admission against interest, and that the rules with respect to the admission of the parties' own books did not apply.

RICHARDS, J. We think that the book in question has been sufficiently identified as being the account book of the defendant in its transactions with the plaintiff. We, therefore, think that it is admissible against the defendant on the ground that it is an admission against interest. 2 *Ency. of Ev.*, *pp*. 664, 666; *Currier v. Boston & M. R. Co.*, 31 *N. H.* 209; *Allen v. Coitt*, 6 *Hill*. (*N. Y.*) 318.